PERE A. PEARSON *vs.* PETER J. RYAN.

FEBRUARY 20, 1919.

PRESENT: Parkhurst, C. J., Sweetland, Vincent, Baker, and Stearns, JJ.

*(1)  Interest.   Unliquidated Demands.*

On a petition to establish a mechanic's lien based on a written agreement between the parties which provided that final payment was due and payable on the completion of the building, where respondent made a claim for damages for unsatisfactory workmanship and materials, a portion of which was allowed, and a balance was found in favor of petitioner, interest from the date of giving notice of the claim was properly allowed.

MECHANIC'S LIEN. Heard on appeal of respondent and appeal dismissed.

BAKER, J. This is an appeal by the respondent from a decree establishing a lien entered by the Superior Court on a petition in equity to enforce a mechanic's lien in accordance with the provisions of Chapter 257 of the General Laws. The evidence shows a written agreement by and between the parties in which the complainant agreed "to build a bungalow" for the respondent and "to furnish all labor and materials" therefor, and the respondent agreed to pay the complainant "the sum of three thousand three hundred and fifteen dollars in payments as follows: fifteen hundred dollars when ready for lathing and five hundred dollars when plastered, balance of contract when the house is com-

pleted." The account filed by the complainant gives credit
for two payments on account and for certain materials
furnished by the respondent and claims a balance due of
$1,124.28 with interest. While there is nothing in the
papers of the case to show it, the transcript indicates a claim
of damages by the respondent by way of recoupment for
unsatisfactory workmanship and materials.

Upon hearing the parties the court allowed the respond-
ent's claim to the amount of $307.50, and found that there
was a balance due the petitioner on his account of $816.78,
on which interest from the date of giving notice of the claim
was allowed to the amount of $69.12, making a total of
$885.90 for which the lien was established. The notice of a
claim of lien and the demand of payment were given and
made August 29, 1916, and legal proceedings were com-
menced the following day. The decree was entered March
13, 1918. The only reason of appeal now urged is that the
allowance of the item of interest is against the law, in that
the petitioner's claim was unliquidated. If the allowance
of interest is held to be proper, the amount allowed is not
questioned.

Broadly speaking it is generally held that interest on
unliquidated demands will not be allowed as damages.
Undoubtedly there is a clear distinction between a claim for
damages entirely unliquidated, as for example, claims for
damages arising from assault and battery, from seduc-
tion, or from slander and libel, which are wholly at large,
and a liquidated claim, where there is an express contract
to pay a sum certain at a fixed time. In the former cases
the amount of damages is unknown until determined after
the presentation of evidence by a decision, award or verdict.
In the contract case both parties know what the claim is
and when it is due and payable. It is in dealing with cases
lying between these extremes, where the distinction is less
clear and obvious, that courts have so differed in their
interpretation and application of the rule as to interest that
their decisions are far from harmonious as to when interest

may be allowed. The question as applied to the precise state of facts presented in the case at bar does not appear to have been considered in any reported case of this court. The respondent cites in his brief three Rhode Island cases in support of his claim, namely, *Spencer* v. *Pierce*, 5 R. I. 63; *Durfee* v. *O'Brien*, 16 R. I. 213 and *Dary* v. *Providence Police Association*, 27 R. I. 377.

In *Spencer* v. *Pierce*, *supra*, the question arose on the disallowance of interest by the master in the case on certain sums allowed by him to be due "for labor and service." The court said, on page 71: "The well-settled American rule . . . gives interest, though not stipulated for, as an invariable legal incident of the principal debt, from the day of default, whenever the debtor knows precisely *what* he is to pay, and *when* he is to pay it.", citing *People* v. *New York*, 5 Cowen 331, 334, and recommitted the master's report, saying on page 72: "We, therefore, instruct the master to allow interest at six per cent. per annum, from the day of default in payment, on all sums allowed by him for labor or service, the amount of which is certain, or can be made certain by computation, under the contract of the parties, and in which, the time of payment is fixed, by the terms of the contract, or by the course of dealing between the parties."

In *Durfee* v. *O'Brien*, *supra*, it is said on page 217, "The time when the payments are due and the agreement to pay interest being definite, the charge for interest was properly allowed." This is clearly a liquidated claim under the rule.

*Dary* v. *Providence Police Association*, *supra*, was an action of assumpsit to recover moneys claimed to be due as sick benefits. There was a plea of the general issue accompanied by an affidavit of valid defence that the claim for sick benefits had been waived. The case was heard on an agreed statement of facts. As to interest, while the court stated the rule enunciated in *Spencer* v. *Pierce*, *supra*, and cited in *Durfee* v. *O'Brien*, *supra*, it held that a beneficial association ought not to be treated as a delinquent debtor

before demand made upon it in order to create the relation of debtor and creditor, but allowed interest from the date of the writ, that being the time of the earliest proof of demand. In this case the right to recover at all was denied by the defendant and apparently in good faith.

Some other decisions of this court relative to the allowance of interest may properly be considered in this connection.

In *Hodges* v. *Hodges*, 9 R. I. 32, the master in a matter of accounting disallowed interest on advances made by a husband for the improvement of his wife's estate, in the absence of any evidence of an agreement to pay interest, and the court held that interest should have been allowed and cited as a correct statement of law the following: "On money lent, interest in this country is always recoverable; because the defendant has had a use from the plaintiff's money. For the same reason, on money paid on account, or to the use or benefit, or at the request of another, interest is allowed from the time of payment, and not merely from the time of notice or demand." . . . "Money lent, and money paid, carry interest when they form matter of account, as well as when they are detached transactions."

*Weeden* v. *Berry*, 10 R. I. 288, was an action of assumpsit for goods, wares and merchandise sold and delivered and for work and labor done. The declaration also contained certain common counts but no count for interest. The case was sent to referees, who allowed plaintiff interest. It was objected to such allowance that there was no count in the declaration claiming interest. The award of interest was upheld. The decision implies that by the terms of the reference, under which power was committed to "determine all questions of law or of fact" in the case, it was within the discretion of the referees to allow interest as damages.

In *Cross* v. *Brown, Steese & Clarke*, 19 R. I. 220, 240, the question as to whether a garnishee should be required to pay interest on its debt due the principal defendant during the time it was restrained by the attachment from paying

the debt was considered, and answered in the affirmative on the ground that the garnishee had had the use of the money in the meantime after it was due, and that a contrary decision would work an injustice both to the principal defendant and the attaching plaintiff.

In *Lonsdale Co.* v. *City of Woonsocket*, 25 R. I. 428, damages were sought for a continuing trespass resulting from the diversion of water to which the complainant was entitled as a riparian proprietor. The amount of water so diverted and the amount of the resulting damages were both in controversy and there was conflicting evidence on each point. On the damages, as determined by him, the master allowed simple interest from the date of the filing of the bill, and the court on page 444 held this finding to be correct. If interest on unliquidated damages in a tort action is properly allowable from the time of commencing legal proceedings, no reason is apparent why a less liberal rule should apply in action *ex contractu*.

In Sedgwick on Damages, 8th Ed. Section 315, the author says: "Where interest is refused in actions of contract on the ground that the claim is unliquidated, it is in fact usually allowed from the date of the writ." See also *Ford* v. *Tirrell*, 9 Gray 401; *Barstow* v. *Robinson*, 2 Allen 605; *McFadden* v. *Crawford*, 39 Cal. 662; *Feeter* v. *Heath*, 11 Wend. 477; *Case* v. *Osborn*, 60 Howard's Pr. 187; *McCollum* v. *Seward*, 62 N. Y. 316; *Mercer* v. *Vose*, 67 N. Y. 56; *Tucker* v. *Grover*, 60 Wis. 240; *Lowe* v. *Ring*, 123 Wis. 370.

*Healy* v. *Fallon et al.*, 69 Conn. 228, was a proceeding to enforce a mechanic's lien under a written contract to build a house for a stated price. The defendants claimed that the house was not finished as called for in the contract, upon which claim some deduction was made by the trial court from the contract price. On pages 235 *et seq.* the court says: "We are also of opinion that the court did not err in allowing interest to the date of judgment upon the sum found to be due after deducting the damages caused by the deviations from the contract." . . . "It is difficult on principle to

see why he should not recover, as compensation for that detention, damages measured by the legal rate of interest upon the sum so detained for that time.   It is said, however, that the amount due was unliquidated up to the time of the judgment, and that interest is ·never allowed upon unliquidated amounts.   It may be conceded that the amount due the plaintiff was in a certain sense unliquidated up to the time of the judgment, inasmuch as the amount due him under the contract, which was a liquidated amount, was to be lessened by the as yet unascertained damages caused by his deviations from the contract; but it is not true that damages measured by the rate of interest are never allowed for the non-payment of money, where the claim is an unliquidated one.   In an action for the value of personal property destroyed by the negligent act of the defendant, where the claim was in a sense an unliquidated one, damages were allowed in the shape of interest upon the value of the property as found upon the trial," citing cases. .. . . "We think the damages allowed by way of interest in the case at bar come within the principles applied in the cases cited. The claim was wholly a pecuniary one and was not at large, as are claims for damages for assault and battery, slander, or others of like nature.   It represented a loss of a pecuniary value ascertainable with reasonable certainty, as of a definite time; and we think damages in the shape of interest should be recoverable from that time, for such a loss; for only in this way can equity be done between the parties in the case at bar."

*Laycock* v. *Parker*, 103 Wis. 161, was a proceeding to enforce a mechanic's lien under a building contract, where there was a counter claim for omissions, substitutions and delay, a considerable portion of which was allowed.   Interest was allowed on the balance found to be due from the commencement of the suit, to which objection was taken.   The court on pages 178 to 189 discusses very fully the question of interest, citing and considering many reported cases, and held that "no error prejudicial to defendant was committed

in the allowance made by the judgment." See also *West Republic Mining Co.* v. *Jones,* 108 Penn. St. 55, 69; *Harwood* v. *Tappan & Noble,* 2 Speer's (S. C.) 536, 551; *Watkins* v. *Junker,* 90 Texas 584, 586 *et seq; Bennett* v. *Federal Coal & Coke Co.,* 70 W. Virginia 456; *Vaughan* v. *Howe,* 20 Wis. 523; Sedgwick on Damages, 8th Ed. Sec. 308; Sutherland on Damages, 4th Ed. Sec. 348; 8 R. C. L. 553.

In *Bernhard* v. *Rochester German Ins. Co.,* 79 Conn. 388, the damages were unliquidated. The judgment included interest from the date of defendant's repudiation of liability. In upholding the allowance of interest, the court on page 398, says: "The purpose sought in awarding damages other than vindictive is to make a fair compensation to one who has suffered an injury." . . . "Courts are more and more coming to recognize that a rule forbidding an allowance for interest upon unliquidated damages is one well calculated to defeat that purpose in many cases, and that no right reason exists for drawing an arbitrary distinction between liquidated and unliquidated damages. . . . There are actions to which the suggested rule is applicable. . . . Others, however, present conditions where, without an allowance for interest, although the demand may be unliquidated, fair compensation for the injury done would not be accorded and justice would thus be denied. The determination of whether or not interest is to be recognized as a proper element of damage is one to be made in view of the demands of justice rather than through the application of any arbitrary rule."

See *contra, Excelsior Terra Cotta Co.* v. *Harde,* 181 N. Y. 11, where the facts are similar to those in the present case and where the court treats the plaintiff's claim as upon *quantum meruit,* holding that "as the defendant's set-off was unliquidated" the plaintiff's damages were "necessarily dependent upon the amount of the set-off" and were unliquidated and that on them interest was not recoverable.

We do not think it can be successfully urged that the rule enunciated in *Spencer* v. *Pierce, supra,* implies that a debtor

may be charged interest *only* when he knows "what he is to pay, and when he is to pay." The entire sentence of the opinion in *People* v. *New York, supra,* cited by this court reads, "It will surely not be considered inequitable, that whenever the debtor knows precisely what he is to pay, and when he is to pay, he shall be charged with interest, if he neglects to pay." There is here no implication that a debtor might not *equitably* be chargeable with interest as damages under a different set of circumstances. It is evident also by the decisions of this court above cited, and in particular by the one in *Lonsdale Company* v. *City of Woonsocket, supra,* that, while the court has reaffirmed the rule in *Spencer* v. *Pierce* in later cases, when applicable to the facts therein, it has not adopted it as an arbitrary rule, but has allowed interest in other instances when it seemed equitable to do so, even when the person so charged did not know the amount of the debt or damages, and when the time of its being due was fixed only by the demand for payment.

In the present case by the contract the final payment was due and payable on the completion of the bungalow. The defendant saw fit to contest the payment of the balance specified in the contract, and succeeded in materially reducing the amount claimed. He had, however, the use and benefit of the sum which the court determined that he ought to pay for more than a year and a half after the petitioner made demand of payment and commenced legal proceedings. In these circumstances we find no error in law in the item of interest as allowed by the decree.

The appeal of the respondent is accordingly dismissed, the decree of the Superior Court is affirmed and the case is remanded to the Superior Court for further proceedings.

*Hugo A. Clason,* for petitioner.

*Thomas A. Farrell,* for respondent.