PROVIDENCE TRANSIT CONCRETE CORPORATION *vs.* NEW ENGLAND CONCRETE CORPORATION.

JULY 25, 1940.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

Moss, J. This is an action in assumpsit to recover an alleged balance of $4007.89 due and payable for certain materials delivered by the plaintiff to the defendant over a period from September 11, 1934 to March 20, 1937. The defendant relies upon certain matters of recoupment and denies that there is any unpaid balance.

The case was tried before a justice of the superior court, without a jury, and after the conclusion of the trial he filed a decision, in which the final conclusion was that there was a balance of $2770.85 due from the defendant to the plaintiff. Both of the parties duly filed bills of exceptions setting forth numerous exceptions taken by them.

The case is now before us on these bills of exceptions; but all of the exceptions have been waived by the respective parties except two for the plaintiff and one for the defendant. One of those not waived by the plaintiff is to the refusal of

the trial justice to permit it to introduce evidence that, before the making of the written agreement between the parties upon which the later and principal claim of the plaintiff is based, it was agreed between the parties that the defendant would not require the plaintiff to furnish any "ground-edge" tiles.

We have serious doubt of the admissibility of such evidence; but because of the ruling which we state *infra* as to an alleged *later* agreement to the same effect, this exception becomes immaterial and will not be discussed herein. The other exceptions now insisted upon are one taken by each of the parties to the final decision of the trial justice so far as it was against that party.

The principal part of the plaintiff's claim upon which its declaration is based is for a balance of $3450 alleged to be due to it from the defendant under a written contract entered into by them and dated April 9, 1936, by the terms of which the plaintiff agreed to furnish and deliver to the defendant, at the site of a building in this state which the defendant was constructing under a contract with the state of Rhode Island, as a P. W. A. project, "All the necessary ceramic-glazed units required for the above mentioned job as per plans and specifications for the sum of Seven Thousand Four Hundred Fifty Dollars ($7450.00)."

The parties agree that the defendant paid to the plaintiff under this contract the sum of $4000, leaving, according to the plaintiff's contention, the above-mentioned sum of $3450 still due. The defendant, however, contends that the plaintiff violated certain parts of the contract, and that as a consequence the defendant had to make extra expenditures in carrying out its contract with the state which much exceeded $3450, and therefore owes the plaintiff nothing.

The plans and specifications referred to in the above contract between the plaintiff and the defendant are those

contained in the aforesaid contract between the defendant and the state of Rhode Island. What those specifications were was shown by a copy of the construction agreement above referred to, which was filed as an exhibit in the case; and there seems to be no dispute as to what they were.

Among other things they called for certain partitions in the building to be glazed on both sides and built with 6 inch thick terra cotta blocks, each unit to be ground to size and squared, assuring perfect jointing. A part of the specifications reads as follows: "Partitions glazed on both sides shall be built of 6″ terra cotta blocks, glazed on both sides." Ceramic units, as referred to above, are the same things as terra cotta tiles.

A large part of the defendant's claim in recoupment was based on the admitted fact that although the plaintiff furnished all the tiles that were used in the complete construction of the building, those furnished for the partitions above described were not 6 inch blocks glazed on both sides, but were 4 inch and 2 inch blocks, each of which was glazed on only one side. Evidently, two of these small tiles, one of 4″ and one of 2″, each glazed on only one side could be put together in one of these partition walls in such a way as to be practically equivalent to a single 6″ tile glazed on both sides.

The defendant contends that it is entitled to a large deduction from the contract price, by way of recoupment, on the ground that the substitution was a breach of contract by the plaintiff, which resulted in heavy damages to the defendant, because it made necessary the use of more than double the original number of tiles in laying these partitions and much greater labor cost to the defendant was required for laying these tiles than would have been required for laying the 6 inch tiles called for by the contract. The defendant also relies on the contention that the plaintiff failed to comply with the requirement, in the contract specifications, that each glazed terra cotta tile should be ground to size and

squared, assuring perfect fitting; and that this failure also greatly increased the defendant's costs of construction.

The trial justice, in his decision, made certain findings that in our opinion were not clearly unsupported by the evidence or against the preponderance of the evidence. Among these were findings that after the original contract between these parties was made they entered into a supplemental agreement by which 4 inch and 2 inch tiles were to be substituted for the 6 inch tiles, required by the original contract, and the requirement as to glazed tiles being ground to size and squared was eliminated.

The trial justice also made a finding that there was no evidence—and we have found none—that the defendant, as a part of the modifying agreement, "insisted on reimbursement for any additional cost" of construction to the defendant made necessary by the changes in the original contract requirements as to the tiles to be furnished. And there is no evidence that the plaintiff, in the modifying agreement, consented to any such reimbursement.

In our opinion it necessarily follows, from these findings, that the defendant was not entitled to any deduction from the contract price by reason of these modifications, which were agreed upon between the parties, even though they resulted in increasing the construction costs of the defendant.

The trial justice so decided as to the defendant's claim of recoupment for added costs of construction alleged to have resulted from the fact that the tiles furnished by the plaintiff were not ground in accordance with the original requirements. Yet, after discussing the evidence as to the increase of costs, which the defendant contended had resulted from the substitution of 4 inch and 2 inch tiles for 6 inch tiles, the trial justice said, in his decision, that he thought that a fair sum to be allowed to the defendant for such increased cost was $274.44. He therefore deducted that amount from the

unpaid balance of the contract price fixed in the original contract between the parties. In our opinion he committed an error in so doing.

The evidence shows that when the plaintiff began to make deliveries of tiles under the modified agreement, it was found that many of them were defective in some respects and that it was necessary that the tiles delivered be inspected and that those which were defective should be set aside and not used, other tile being delivered by the plaintiff in substitution for them, this process of inspection and setting aside of defective tiles being referred to in the testimony as "culling". It was, therefore, agreed between the parties that the defendant should have this culling attended to and that the plaintiff would pay the expense of it. The defendant had it attended to and rendered to the plaintiff a bill for the cost of this in the amount of $373.50.

This charge was apparently approved by the plaintiff but never paid by it or any corresponding credit allowed to the defendant on the account between the parties. The trial justice, in his decision, therefore allowed such a credit, and we are of the opinion that he acted correctly in so doing. In fact the plaintiff finds no fault with this ruling.

The defendant contends that, after the culling that was charged for in that bill rendered to the plaintiff, a great deal more culling was required and was attended to by the defendant, and that no credit was given for it by the plaintiff. The trial justice in his decision rejected this contention as not supported by the evidence, and we cannot find that this ruling was clearly without evidence to support it or clearly against the preponderance of the evidence.

He also found that the plaintiff admits that the defendant is entitled to a credit of the sum of $31.20 for mesh; and the plaintiff does not deny the correctness of that finding.

The trial justice also rejected, as not supported by the evidence, a claim by the defendant for a credit of a large

amount for the expense of removing from the building, apparently after its completion, a considerable number of allegedly defective tiles and replacing them with good tiles; and we are of the opinion that his finding in this regard was not clearly against the preponderance of the evidence or against the law; and, therefore, we sustain it. He also rejected, for similar reasons, all other claims not above discussed, which the defendant made by way of recoupment; and we cannot find that he erred in so doing.

The trial justice, at the end of his decision, made this finding: "We find that the item of an old balance of $500 on plaintiff's claim of 'old balance due' is not sustained by a fair preponderance of the evidence." He made no express finding as to the sum of $57.89, which, in addition to the above sum of $500, the plaintiff claims the right to recover from the defendant for material furnished, not under the special agreement relating to tiles, but on general account. He did not include it in the sum which he finally awarded to the plaintiff.

The plaintiff bases its claim to recover the total sum of $557.89 on general account, in addition to the sum of $3450 on the tile agreement, on the facts that the itemized statement of all charges and credits, which is attached to its declaration, shows an unpaid balance of $4007.89, while the unpaid balance under the tile agreement is $3450, leaving a balance of $557.89 for other materials furnished; and that the defendant at the trial admitted the correctness of all the charges in that statement.

But a comparison of that statement with the plaintiff's actual ledger cards, which were filed at the trial as plaintiff's exhibit A, shows that a credit item of $500 for a payment made by the defendant on December 31, 1936, which appears on the next to the last ledger card, was omitted from the statement attached to the declaration. We therefore are of the opinion that the finding of the trial justice that the item

of $500 on the plaintiff's claim of "old balance due" was not sustained by a fair preponderance of the evidence was not clearly wrong and therefore should be affirmed by us.

But the situation as to the item of $57.89 is very different. Except for the items of $373.50 for the expense of culling and $31.20 for mesh, which we have above discussed, and except for the matters of recoupment, which we have also above discussed, the defendant has not questioned the correctness of the above-mentioned ledger cards of the plaintiff.

These, as above stated, show a final general balance of $3507.89; and when the unpaid balance of $3450, which the defendant admits to be due under the tile agreement, except for the items and matters just above mentioned, is deducted from the above balance of $3507.89 the remainder is $57.89, which clearly should have been found by the trial justice to be owed by the defendant to the plaintiff on the general account between them, outside of the tile agreement account. We, therefore, are of the opinion that he erred in not so finding.

The plaintiff contends that it is entitled to interest on its total claim, at least from the date of the beginning of the present action. We find no evidence that any demand was made by it against the defendant, for the payment of the old balance, before the beginning of this action; and from a date considerably before that time there has been a dispute between the parties as to whether the defendant owed the plaintiff any net balance. We, therefore, are of the opinion that no interest for any period before the date of the beginning of this action should be included in the amount for which judgment should be entered in this case. But we are of the opinion that interest from that date on the balance found to be due to the plaintiff should be so included. *Pearson v. Ryan*, 42 R. I. 83, 105 A. 513.

Our conclusion is that the one exception insisted upon by the defendant, being its sixteenth exception, should not be

sustained; that the plaintiff's twenty-sixth exception, being to the final decision in the case, should be sustained; and that the above-mentioned items of $274.44 and $57.89, should be added to the amount of $2770.85, which the trial justice awarded to the plaintiff, making a total of $3103.18, and that interest thereon should be added from April 25, 1938, the date when this action was begun.

The defendant's sixteenth exception, being the only one relied on by it, is overruled. The plaintiff's twenty-sixth exception, being to the final decision of the trial justice, is sustained.

On October 7, 1940, the defendant may appear before this court and show cause, if any it has, why the case should not be remitted to the superior court with a direction to enter a judgment for the plaintiff for the sum of $3103.18, and interest thereon from April 25, 1938, and costs.

*Perkins, Higgins & McCabe, William H. McCabe,* for plaintiff.

*Harry A. Smith,* for defendant.