**FEENER BUSINESS SCHOOLS, Inc.,
et al., Appellants,**

v.

**SCHOOL OF SPEEDWRITING, Inc.,
Plaintiff, Appellee.**

**No. 5103.**

United States Court of Appeals
First Circuit.

June 15, 1956.

Rehearing Denied July 20, 1956.

Asa E. Phillips, Jr., Phillips, Cox & Wood, William E. McKendall, Boston, Mass., for Feener Business Schools, Inc., appellant.

Carleton L. Feener, pro se.

Lawrence R. Cohen, Boston, Mass., with whom Samuel P. Sears, and Brickley, Sears & Cole, Boston, Mass., were on brief, for appellee.

Before MAGRUDER, Chief Judge, and WOODBURY and HARTIGAN, Circuit Judges.

PER CURIAM.

On July 20, 1954, the district court entered a final decree enjoining Feener Business Schools, Inc., its officers and agents, from using the term "Speedwriting." The decree is set forth in the mar-

gin.[1] On appeal it was affirmed by this court. Feener Business Schools, Inc., v. School of Speedwriting, Inc., 1 Cir., 1955, 220 F.2d 747.

In February, 1956, the plaintiff, School of Speedwriting, Inc., filed two motions in the district court—one asking for an order for damages for civil contempt against Feener Business Schools, Inc., and its principal officer, Carleton L. Feener, and another asking for a modification of the final decree of July 20, 1954, by deleting the sixth paragraph thereof. These motions came on for hearing before the district court on February 17, 1956, at which hearing evidence was taken in open court, in the form of testimony of witnesses and the presentation of exhibits. Subsequently, on February 27, 1956, the district court entered separate orders on the two motions. The order on contempt recited that, "it appearing to the court that since January 17, 1955, on which date both defendants were found in contempt of the final decree of this court entered on July 20, 1954, the defendants have on various occasions, by the publication of three different types of advertisements, violated the terms of said final decree, the defendants, Carleton L. Feener and Feener Business Schools, Inc., are adjudged guilty of further contempt of the final decree of this court entered on the 20th day of July, 1954 in this case" and concluded with an order that "all of the costs and expenses of the plaintiff arising upon the prosecution of this rule for contempt be paid by the said defendants, Carleton L. Feener and Feener Business Schools, Inc., in the total sum of Twenty-Eight Hundred Fifty ($2,850.00) Dollars, which sum shall be paid to the plaintiff at the office of its attorneys in Boston in or within twenty (20) days from the service of this order of contempt upon the said defendants." The so-called "Modified Final Decree," also entered on February 27, 1956, reissued the original injunction, with the elimina-

---

1. "It is Hereby Ordered, Adjudged and Decreed by the Court as Follows:

"1. United States Trade-Mark Registration No. 500,344, granted to the plaintiff on May 11, 1948, is the exclusive property of the plaintiff.

"2. Defendant has not used the term 'Speedwriting' or 'Speed Writing' on the products covered by said trade-mark registration No. 500,344 and use of the term 'Speedwriting' or 'Speed Writing' in its advertisements or in any other manner has not infringed the said trade-mark registration and, insofar as the present suit is based upon a claim of such infringement, the complaint is dismissed.

"3. Plaintiff has had and now has a valid common law trade-mark and trade name known as 'Speedwriting' which is a coined original word. This common law trade-mark and trade name covers a type of service with a central source of origin, to wit, plaintiff and its publications.

"4. Defendant, by use of its trade name and of the phrases 'A B C Speedwriting' and 'Modern Fast A B C Speedwriting' in its brochures, literature and in its advertisements, has infringed upon plaintiff's common law rights and fraudulently marketed its services and such use of the plaintiff's trade-mark constitutes dilution of plaintiff's trade-mark rights.

"5. The defendant, its officers, agents, servants and employees, and all persons acting in concert or participation with it, together with all persons acting by, through or under them or by or through their order, are permanently enjoined from using either of the terms 'Speedwriting' or 'Speed Writing' or variation thereof directly or indirectly in any advertising matter, directories, listings, signs, pamphlets, catalogues, stationery, or other material printed or prepared for advertising by any medium, and from in any way holding itself out to the public as a teacher or sponsor of 'Speedwriting' or a system of instruction known as 'Speedwriting', with the exception specified in the following paragraph.

"6. Nothing in the permanent injunction shall be construed as prohibiting the defendant from purchasing or otherwise validly acquiring books published by the plaintiff nor from teaching from such books provided that such teaching does not involve copying in violation of the copyright laws of the United States, and if the defendant does employ books and texts of the plaintiff it may insert in the narrative parts of its advertisements a statement to the effect that, in the courses of instruction being offered by the defendant, it employs and refers to books and other material published by 'The School of Speedwriting, Inc.' * * *"

tion of paragraph 6 thereof, which appellants describe as an "Exemptory Clause."

To determine what is before us on the present appeal, we must look at the Notice of Appeal filed pursuant to Rule 73 of the Federal Rules of Civil Procedure, 28 U.S.C.A. Under Rule 73(a), the filing of the notice of appeal is jurisdictional. The notice of appeal is meant to be a simple document, devoid of argumentative matter. Rule 73(b) provides: "The notice of appeal shall specify the parties taking the appeal; shall designate the judgment or part thereof appealed from; and shall name the court to which the appeal is taken." See also Form 27 at the end of the Rules of Civil Procedure.

■ In this case the so-called Notice of Appeal filed by appellants is a most inartistic document. It is captioned as follows: "School of Speedwriting, Inc., Plaintiff, v. Feener Business Schools, Inc., Defendant, Civil Action No. 52–677," and its opening paragraph recites as follows: "Notice is hereby given that Feener Business Schools, Inc., and Carleton L. Feener, defendants above named, hereby appeal to the United States Court of Appeals for the First Circuit from the Order of The Final Decree as Modified, February 27, 1956." Of course Carleton L. Feener, individually, was not one of the "defendants above named," and had no standing to appeal from the modified injunction issued against Feener Business Schools, Inc. Passing that technicality, if this opening paragraph were all there was to the Notice of Appeal, it would be clear that the appeal is taken only from the Final Decree as Modified, not also from the contempt order issued on the same day. But the document entitled "Notice of Appeal" then proceeds with three numbered paragraphs of argumentative material, with citation of authorities, designed to explain why appellants deem the district court to have been in error. Finally, the Notice of Appeal contains a paragraph numbered 4, the opening sentence of which has an ungrammatical statement as follows:

"The defendant Feener Business Schools, Inc., and Carleton L. Feener appeals from the Second Order for contempt against Feener Business Schools, Inc., and Carleton L. Feener the affidavit filed by the plaintiff, Alexander Sheff, under oath is found to be partly false so as to make it a nullity. \* \* \* "

Without approving the form of the Notice of Appeal, we shall read the document as a whole, perhaps too indulgently, in accordance with what we suppose was clearly the intention of appellants, as bringing before us for review both the contempt order and the Final Decree as Modified.

■ Referring first to the contempt order, appellants' Appendix contains the memorandum opinion rendered by the district court at the hearing on February 17, 1956, which memorandum contains certain subsidiary findings upon the basis of which the court made the ultimate finding that Carleton L. Feener and Feener Business Schools, Inc., were both in contempt of the original decree of July 20, 1954. These findings, if supported by substantial evidence, warranted the contempt order. We are unable to say that these findings lack evidentiary support, since the appellants have not seen fit to print in their Appendix the evidence presented to the court at the hearing on February 17, 1956. Our Rule 24(1) clearly provides as follows: "The appellant or petitioner shall print as an appendix to his brief (which appendix may be bound separately) the relevant docket entries below arranged chronologically in a single column, any relevant charge or opinion of the court, agency, board, commission or officer below, the judgment, decree, order, or decision appealed from or sought to be reviewed or enforced, *and such other parts of the record, material to the questions presented, as the appellant or petitioner deems it essential for the judges of the court to read in order to decide those questions.* \* \* \* " [Italics added.]

■ As to the so-called Modified Final Decree, it is clear that the affirmance on appeal of a continuing injunction

does not for all time freeze the terms of that decree, but the district court is free, in the light of supervening events, to make appropriate modifications of the injunction as applied to the future. See United States v. Swift & Co., 1932, 286 U.S. 106, 52 S.Ct. 460, 76 L.Ed. 999; Food Fair Stores, Inc., v. Food Fair, Inc., 1 Cir., 1949, 177 F.2d 177, 186; S. C. Johnson & Son, Inc., v. Johnson, 2 Cir., 1949, 175 F.2d 176, 177, 183–84. That is what happened here. Plaintiff's motion for modification of the final decree pointed out that the plaintiff did not object to paragraph 6 thereof at the time it was entered, but also noted: "However, it is apparent that the conduct of the defendant since July 20, 1954 constitutes justification for the modifications requested. The suggested deletions will not work any great harm on the defendant which may continue to teach its own system of shorthand and to employ books of the plaintiff. They will, on the other hand, prevent further deception of the public and further damage to the value of the Speedwriting mark of the plaintiff, and to the plaintiff." In its memorandum opinion, the district judge found that there had been continuing misrepresentations made by the defendant corporation in its advertisements, that there had been a fraudulent attempt to circumvent the purposes and spirit of the decree of July 20, 1954, and to defeat the plaintiff's reasonable business expectations, and that, since the terms of paragraph 6 of the original decree had apparently been leading the defendant to act in a way quite contrary to what the decree was intended to reach, it became necessary "to modify the decree to prevent further misconduct of the kind which has occurred since the entry of the original decree." Again, we cannot say that these findings and this conclusion were lacking in evidentiary support, since the appellants have not printed in their Appendix the evidence taken at the hearing of February 17, 1956.

Appellants have submitted for filing a document which they call a Reply Brief. For the most part it is not really a reply brief, but it contains photostats of documentary material intended to establish that the plaintiff below, School of Speedwriting, Inc., has ceased to exist as a legal entity. We have allowed this so-called Reply Brief to be filed; but we shall not undertake to determine whether, by the effect of the corporate merger referred to, the School of Speedwriting, Inc., has ceased to exist, or whether the continuing corporation, Speedwriting Publishing Company, Inc., should be substituted in its stead as party plaintiff. When the case gets back to the district court, of course that court will be free to entertain an appropriate motion under Rule 25(c), F.R.C.P.

The order for contempt, and the modified final decree, both entered February 27, 1956, are affirmed.