**Joseph P. HADDAD, Administrator, Plaintiff, Appellant,**

v.

**BORDER EXPRESS, INC., Defendant, Appellee.**

**No. 5909.**

United States Court of Appeals First Circuit.

May 22, 1962.

Joseph J. Hurley, Boston, Mass., with whom George M. Tull, Quincy, Mass., was on the brief, for appellant.

George P. Lordan, Cambridge, for appellee.

Before WOODBURY, Chief Judge, and HARTIGAN and ALDRICH, Circuit Judges.

ALDRICH, Circuit Judge.

This appeal from the Clerk's taxation of costs following our affirmance on the merits, 1 Cir., 300 F.2d 885, touches an important subject which we understand is now receiving special attention from the Advisory Committee on Appellate Rules. We are concerned here, however, not with reform, but with application of the existing rules.

In August 1959 a collision occurred between a truck operated by defendant-appellee and a car operated by a Mrs. Haddad. Mrs. Haddad was hospitalized. Four days later she was delivered of a seven-months infant, who lived for one day. Suits were brought by Mrs. Haddad for personal injuries, by her husband

for consequential damages, and by the administrator of the deceased child for wrongful death. The principal issues were negligence, contributory negligence, and damages. With respect to the infant it was undisputed that death was due to the premature birth, but there was an issue whether this, in turn, was due to the accident. The cases were tried together, the same counsel representing all plaintiffs. In each instance the jury found for the defendant. Motions for new trial were denied after hearing. The present troubles then began. All three plaintiffs filed notices of appeal, and obtained from the district court leave to proceed in forma pauperis. Their statement of points included allegations that the verdicts were against the weight of the evidence and that the court erred in refusing to grant a new trial. The accompanying statement of what appellants proposed to reproduce in their record appendix designated simply the pleadings, the testimony of a Dr. Tremblay, the charge to the jury, and the "charge at the hearing of the motion for new trial." This was a very poor performance. How such a record could present any question in Mr. and Mrs. Haddad's individual cases we cannot imagine.

Counsel evidently recognized his error. On the due date there were filed "Appellant's [sic] Record Appendix" and brief simply in the administrator's case. Nothing was filed in the other two. The brief stated the sole questions involved to be whether appellee's physician who had testified that the premature birth was not causally connected was qualified, and whether the court should have granted a new trial when it was discovered after the verdict that this physician had testified upon a superseded edition of a medical treatise without disclosure of the fact. The appendix contained part of the testimony of Dr. Tremblay, and added to the originally proposed record part of the testimony of a Dr. Elia and all of the testimony of a Dr. Maloof. The appendix contained only one page of the charge and only part of the proceedings on the motion for new trial. There-

after appellee filed its brief and an extensive record appendix, the taxing of which now concerns us.

■ The first question is the propriety of taxing costs at all against Mr. and Mrs. Haddad individually. It is true that they joined in the notice of appeal. However, their appeals were never perfected. If, after such failure, appellee had any question as to the need of a record appendix with reference to them, it should have taken some step other than proceeding to print. We cannot believe it had any question. This is shown by the fact that its brief accompanying its record appendix starts out, "This is one of three actions of tort for negligence arising out of a collision * * * The plaintiff Joseph P. Haddad, as administrator of David Haddad, appeals from the judgment below * * *" Appellee then states the two grounds recited in the administrator's brief, which clearly relate only to the administrator's case. No mention is made of any appeal by Mr. and Mrs. Haddad. We see no basis for charging them with printing costs.

We turn to the administrator's appeal. The first part of appellee's appendix consists of 77 pages, constituting the full testimony of Drs. Tremblay and Elia. Specific objections have been filed to taxing this as costs, based on three general grounds. These are that much of the testimony is a duplication of what appellant had already furnished; that most of the rest of the testimony relates to the immaterial hospital course of Mrs. Haddad and to her disability subsequent to the death of the infant; and that the remainder of the 77 pages consists of colloquies between court and counsel and conferences at the bench. By applying a ruler we find that a total of 42 pages constitutes duplication of what had already been reproduced by appellant. Of the 35 pages of new matter, 17 were devoted exclusively to Mrs. Haddad's personal matters. Three or more constituted clearly futile attempts by appellee to show that the child would not have come to full term in any event. Possibly, in toto, there was one page of evidence

conceivably relevant to the administrator's appeal, although we must note even here that none of it was favorable to appellee. The remainder, occupying nearly 14 pages, consists of colloquies leading to the withdrawal or rephrasing of questions, to the order of testimony, to the availability of records and other housekeeping details, no part of which could be considered of any possible relevance. In one instance appellee printed four consecutive pages relating to appellant's objections to an exhibit which were finally overruled and withdrawn. Ranking with this in importance were various discussions dealing with engagements of the expert witnesses and of court and counsel. Sometimes such irrelevancies may creep in. But it is a waste of more than printer's ink to duplicate testimony for the special purpose of inserting them.

Our Rule 24, 28 U.S.C.A. provides that the appellant or petitioner shall print as an appendix to his brief, in addition to the matters specifically enumerated, " * * * such other parts of the record, material to the questions presented, as * * * [he] deems it essential for the judges of the court to read in order to decide those questions." And the rule further provides that the appellee or respondent " * * * shall print as an appendix to his brief * * * such parts of the record as he deems it essential for the judges of the court to read to decide the questions presented and as have not been printed in the appendix to the brief of the appellant or petitioner." On its face these provisions might seem to imply that an appellant's failure to print enough in his record appendix to support his contentions casts the burden on the appellee to supplement the appellant's record appendix. This, however, is not the meaning of the rule. As consistently interpreted by this court the rule means that if an appellant fails to print enough to sustain his contention, he abides the consequences. The appellee's duty is not to incur the expense at the risk of recoupment by way of costs of printing a record appendix for the appellant, but only to print matter in refutation of the appellant's contentions, or matter supplying another basis for the ruling, order or judgment of the court below. It is upon appellant that the burden falls of preparing a prima facie complete record.

■ Thus, if a defendant-appellant claims, for example, that the evidence did not warrant a finding for the plaintiff, he must (a) print all of the evidence in the case on liability, or (b) obtain, and print, a stipulation from appellee that appellant's appendix is adequate, or (c) file an agreed joint appendix with appellee. Feener Business Schools, Inc. v. School of Speedwriting, Inc., 1 Cir., 1956, 234 F.2d 1, cert. den. 352 U.S. 942, 77 S.Ct. 264, 1 L.Ed.2d 238. Naturally, the latter alternatives are to the benefit of everyone, including the court. If, on the other hand, appellant's point is a narrower one, merely the evidence relevant to that question need be printed. If appellee believes that matters essential to his presentation have been omitted he may supply them. If the omissions are flagrant and extensive, in an exceptional case he may have some other remedy. Cf. Walters v. Shari Music Publishing Corp., 2 Cir., 1962, 298 F.2d 206; Morrison v. Texas Company, 7 Cir., 1961, 289 F.2d 382. But if a party prints manifestly too much, he must run the risk of not recovering the costs. 1 Cir. R. 33(4); United Construction Workers v. Haislip Baking Co., 4 Cir., 1955, 223 F.2d 872, 879, cert. den. 350 U.S. 847, 76 S.Ct. 87, 100 L.Ed. 754; Missouri-Kansas Pipe Line Co. v. United States, 3 Cir., 1939, 108 F.2d 614, cert. den. Missouri-Kansas Pipe Line Co. v. Columbia Gas & Electric Corp., 309 U.S. 687, 60 S.Ct. 887, 84 L.Ed. 1030.

■ We do not mean to suggest that taxation of costs presents a precise mathematical question. Very considerable leeway must be allowed for the parties' judgment in deciding what to print. Gray Tool Co. v. Humble Oil & Refining Co., 5 Cir., 1951, 190 F.2d 779. And, in particular, we do not mean that if an appellant prints a record with many material omissions appellee need print only the filler, requiring us constantly to superimpose the two in order to obtain a

readable whole. An appellant who furnishes a substantially deficient record may well have to pay for duplication. This is not the case at bar. It was not appellant's record that offended the rule, but appellee's. In corroboration of our description of appellee's additions, we find in its entire brief, to which its record was supposedly an appendix, no reference to a word of its 77 pages of testimony not already appearing in appellant's reproduction. This seems a plain indication of what appellee considered "essential." The next 31 pages of its appendix consists of the charge, 30 pages of which are new. Appellee's brief refers to two, consecutive, paragraphs.

We agree that it was within appellee's discretion to print the entire proceedings (14 pages) on the motion for new trial. We agree, too, that its supplemental appendix, while perhaps not properly a record, was, under the special circumstances of the case, proper as a supplemental brief. The rest of its record was clearly unnecessary.

Appellee's printing costs, as against the administrator, may cover its brief, 15 pages of its record appendix, and its so-called supplemental appendix. No costs against the individual plaintiffs.

WOODBURY, Chief Judge, with whom HARTIGAN, Circuit Judge, joins (concurring).

We do not disagree with what Judge Aldrich writes. We would like to point out, however, that our clerk taxed costs in this case in accordance with the court's mandate and our Rule 33(2). No fault lies with him. It lies basically with counsel for the appellant in failing to complain in his brief of his opponent's record appendix, and perhaps to some extent with the court for not being more alert to the situation and directing taxation of costs accordingly. This is not to suggest that Judge Aldrich should shoulder the blame. Decisions of the court are not solos but concertos. We should all be on the watch for excessive unnecessary printing. However, while we might have let costs stand as taxed for failure of

appellant's counsel to complain promptly instead of waiting until costs had been taxed against him, we suppose it is not even now too late in this exceptional case for the court to take corrective action.