David CHERNACK et al., Defendants,
Appellants,

v.

Gilbert RADLO, Plaintiff, Appellee.

No. 6197.

United States Court of Appeals
First Circuit.

April 28, 1964.

Samuel A. Olevson, Providence, R. I., with whom Jacob S. Temkin, Providence, R. I., was on the brief, for appellants.

Harold Lavien, Boston, Mass., with whom Nathan H. David, Boston, Mass., was on the brief, for appellee.

Before WOODBURY, Chief Judge, and HARTIGAN and ALDRICH, Circuit Judges.

ALDRICH, Circuit Judge.

This is an appeal by the defendants following jury verdicts for the plaintiff in two causes of action for breaches of contract tried together in the district court for the District of Rhode Island. The plaintiff, Radlo, is a citizen of Massachusetts and the defendant Chernack, his brother-in-law, a citizen of Rhode Island. The defendant Overseas Commodities Corporation, by whom they were both employed, is a Rhode Island corporation of which each owns one half of the stock. Defendants assert various errors occurring during the trial. Each, in addition, seeks a new trial because the verdict was against the weight of the evidence, and Overseas alleges that there was no evidence warranting a verdict against it.

We must start with a procedural matter. The record appendix filed by appellants is incomplete on its face, and hence inadequate to present questions of the sufficiency of the evidence. When appellee, in his brief, pointed this out, instead of attempting to correct the defects [1] appellants filed a reply brief discussing our decisions and arguing that appellee's "contention is frivolous at best". We do not agree. Our rule, presently numbered 23, requires an appellant, unless excused, to print all parts of the record which he "deems it essential for the judges of the court to read." This includes the exhibits. Pioneer Credit Corp. v. Bloomberg, 1 Cir., 1963, 323 F.2d 992. The word "deems" does not leave it to the appellant to pick and choose what he would like to see, but imposes a burden upon him to print all of the evidence, good and bad, material to the point he wishes to raise. In Haddad v. Border Express, Inc., 1 Cir., 1962, 303 F.2d 134, at 136, we pointed out, in language peculiarly applicable to the case at bar, "[I]f a defendant-appellant claims, for example, that the evidence did not warrant a finding for the plaintiff, he must (a) print all of the evidence in the case on liability, or (b) obtain, and print, a stipulation from appellee that appellant's appendix is adequate, or (c) file an agreed joint appendix with appellee." In further explanation we stated that the burden falls upon the appellant to prepare "a prima facie complete record." Ibid. In the present appendix there appear constantly throughout the testimony of the various witnesses asterisks indicating omissions. In other words, the record is prima facie *incomplete.*[2] The bracketed page numbering of the original transcript (very properly included in the appendix) reveals that omitted material sometimes covers several pages. None of the exhibits is separately printed, and they are very apparently only partially reproduced. There is no stipulation (which must, in any event, be approved by the court) that the exhibits need not be printed. There is no stipulation by appellee that the appendix is "adequate." The record appendix is not a joint one.

In the face of this failure to meet any of the alternatives set forth in Haddad v. Border Express, Inc., supra, appellants assert in their reply brief that "all relevant portions" of the exhibits were read into the record. They further point out that the appendix is "substantial," and say that for this reason it "should be assumed to be a prima facie complete record." Further, after acknowledging that testimony was deliberately omitted,

---

1. Cf. Esso Standard Oil Co. v. Secatore's, Inc., 1 Cir., 1957, 246 F.2d 17, 22–23, cert. den. 355 U.S. 834, 78 S.Ct. 54, 2 L.Ed.2d 46.

2. Plaintiff's first witness was Chernack, called for cross-examination under the rule. A spot check indicates 24 omissions in the first 50 printed pages of testimony.

they invite "comparison with the actual record on file in the office of the Clerk" to show that no omissions were material. We cannot reread our opinion in Haddad without believing that we made it wholly clear that the purpose of the rule was to avoid just such assumptions, and the necessity of just such an undertaking.[3]

Although we will not, accordingly, review the evidence in detail, we do observe that there is no readily apparent miscarriage of justice. It is true that not only was there a wide variance between Radlo's account and Chernack's, but Radlo was self-contradictory and inconsistent to an extraordinary degree. Had Chernack been reasonably consistent we might find ourselves sympathetic. He was not, however. Even though we might think the other blacker we are little tempted to disturb a jury's choice between the pot and the kettle.

■ Appellants assert that the trial was unfair in that the plaintiff was allowed to appeal to the jury's sympathy and prejudice. Not only was much of what is now complained of not objected to at the time, but none of it was so serious as to call for appellate action. Appellants' further complaint that the court failed to charge that certain possibly prejudicial, but admissible, evidence should have been restricted to the count for fraud was not properly preserved. It is poor practice to request (erroneously) an instruction that evidence be not considered at all, and then simply save one's exception to the denial of the request by number without pointing out to the court that it would be appropriate, and desirable, to give the request in a more limited form. If a matter is of fundamental importance it may be sufficient merely to alert the court. Cf. Gorin v. United States, 1 Cir., 1963, 313 F.2d 641, 654, cert. den. 374 U.S. 829, 83 S.Ct. 1870, 10 L.Ed.2d 1052. But where it is less so a request must be in reasonably appropriate form, or in some way the court's attention must be specifically called to counsel's wishes. Simply referring to a request by number, when only a part of it is correct, does not accomplish this. We have reviewed the charge as a whole in the light of the several requests and find it without prejudicial error.

■ We will deal briefly with the propriety of permitting the jury to award interest. The law of Rhode Island may be somewhat strict in this respect, and we will assume that in an ordinary contractual suit for unliquidated damages interest is not allowed ab initio. Providence Transit Concrete Corp. v. New England Concrete Corp., 1940, 65 R.I. 430, 437, 14 A.2d 807. This does not help appellants. The gravamen of the action against Chernack is that the salaries of Radlo and Chernack, although not agreed to as to amount, were to be equal. Chernack, in Rhode Island, handled the books while Radlo carried on the company business in Japan. Chernack caused the corporation to pay larger salaries to himself than to Radlo, asserting all the while that the company was doing badly and that each was getting the same. It would seem clear that the dates that payments were due Radlo, and the amounts, were fixed and liquidated by Chernack's own actions, so that he can have no complaint as to the imposition of interest. See O'Brien v. Slefkin, 1958, 88 R.I. 264, 271, 147 A.2d 183.

■ The suit against Overseas was for the cost of maintenance of Radlo in Japan, allegedly to become due only in such amounts as the company could afford. It could be found that because of Chernack's representations regarding the company's finances Radlo made no demands for full maintenance. Under these circumstances it might be said that the present claim was unliquidated both as to time and amount within the Rhode Island decisions. On the other hand, this very fact was due to what could be

---

3. We do not mean by this that we are in favor of not abbreviating a record appendix. Far from it. Cf. Haddad v. Border Express, Inc., supra. But there are proper ways of doing so, and improper ones.

found to be actionable misconduct by Chernack acting for the corporation, which, in turn, proximately caused Radlo not to make a liquidated and timely demand which would have warranted the recovery of interest. The Rhode Island court takes an equitable view of the obligation to pay interest. See Pearson v. Ryan, 1919, 42 R.I. 83, 90, 105 A. 513, 3 A.L.R. 805. We believe the court was correct in permitting interest to be recovered in this action as special, or additional, damages.

Judgment will be entered affirming the judgment of the District Court.