E. P. REYNOLDS, INC., Respondent, *v.* NAGER ELECTRIC COMPANY, INC., Defendant-Appellant and Third-Party Plaintiff-Appellant. MASSACHUSETTS BONDING & INSURANCE COMPANY, Third-Party Defendant-Respondent. (And Another Third-Party Action.)

Second Department, June 1, 1964.

*Albert Foreman* and *Jerrold Morgulas* of counsel (*M. Carl Levine, Morgulas & Foreman*, attorneys), for appellant.

*Albert J. Klein* of counsel (*Bader & Belson*, attorneys), for respondent.

*Per Curiam.* This is an action to recover damages sustained by the plaintiff, E. P. Reynolds, Inc., as a result of fraudulent representations claimed to have been made by the defendant, Nager Electric Co., Inc., to induce Reynolds to enter into a contract with Nager for excavation work in connection with the installation by Nager of a lighting system at the Rockland State Hospital in Orangeburg, New York.

The appeal is by Nager from so much of a judgment, entered on a jury's verdict after a seven-day trial, as is in favor of Reynolds against Nager and as disallows Nager's counterclaim against Reynolds and its cross claim against Massachusetts Bonding & Insurance Company, the surety on Reynolds' performance bond whom Nager had impleaded.

Nager urges in substance that the weight of the evidence did not support a finding that it had made fraudulent representations to Reynolds; that Reynolds as a matter of law was barred from claiming misrepresentations by Nager; and that the dismissal of its third-party claim against Reynolds' surety on the performance bond was improper.

Those contentions are advanced on an appendix containing 13 pages of excerpts of the testimony culled from a stenographic transcript of over 950 pages. While the appendix method of presenting an appeal is designed to eliminate, in a proper case, the necessity of reproducing the entire record on appeal, the statute (CPLR 5528, subd. [a], par. 5) nevertheless requires that an appellant submit an appendix containing " such parts of the record on appeal as are necessary to consider the questions involved, including those parts the appellant reasonably assumes will be relied upon by the respondent." The fact that the respondent may also submit an appendix containing " only such additional parts of the record as are necessary to consider the questions involved" (CPLR 5528, subd. [b]) does not relieve the appellant of the primary burden of presenting an appendix which complies with the requirements of paragraph 5 of subdivision (a) of 5528 (cf. *Haddad* v. *Border Express,* 303 F. 2d 134, 136).

The appendix here is obviously insufficient to permit of a determination of the questions involved. It is clearly impossible to review the weight of the evidence without an examination of all the pertinent proof; and appellant's appendix is completely wanting in that regard. It is also impossible to decide the questions of law presented, in the absence of the facts upon which the legal conclusions depend.

Appellant, having submitted the appeal upon an appendix which, it has insisted, is sufficient, must abide the consequences of the appendix inadequacy caused by its own intransigence. This court is under no obligation to examine the original record where the appendix clearly is insufficient (cf. *Esso Std. Oil Co.* v. *Secatore's,* 246 F. 2d 17, 23, cert. den. 355 U. S. 834; *Sparrow* v. *Yellow Cab Co.,* 273 F. 2d 1, 4) ; and on the appendix submitted, the judgment must be affirmed. Upon the basis of the proof as revealed in the appendix, we are unable to say that the verdict was against the weight of the evidence or that the proof required a finding in appellant's favor as a matter of law (cf. *Feener Business Schools* v. *School of Speedwriting,* 234 F. 2d 1, 3, 4, cert. den. 352 U. S. 942; *Sparrow* v. *Yellow Cab Co., supra,* pp. 1, 4, 5; *Smith Corp.* v. *Pre-Fab Tr. Co.,* 287 F. 2d 210;

*Teitelbaum* v. *Curtis Pub. Co.*, 314 F. 2d 94, 96, cert. den. 375 U. S. 817).

The judgment, insofar as appealed from, should be affirmed, without costs.

BELDOCK, P. J., BRENNAN, HILL, RABIN and HOPKINS, JJ., concur.

Judgment, insofar as appealed from, affirmed, without costs.