**HAP CORPORATION, Defendant,
Appellant,**

v.

**HEYMAN MANUFACTURING COMPA-
NY, Plaintiff, Appellee.**

**HEYMAN MANUFACTURING COMPA-
NY, Plaintiff, Appellant,**

v.

**HAP CORPORATION, Defendant,
Appellee.**

Nos. 6656, 6665.

United States Court of Appeals
First Circuit.

Heard April 6, 1966.
Decided May 12, 1966.

William R. Liberman, New York City, with whom Max Schwartz and Walter Adler, Providence, R. I., were on brief, for Hap Corporation.

Delavan Smith, New York City, for Heyman Mfg. Co.

Before ALDRICH, Chief Judge, and McENTEE and COFFIN, Circuit Judges.

ALDRICH, Chief Judge.

This is the second time that this patent case is before us. See Hap Corp. v. Heyman Mfg. Co., 1 Cir., 1962, 311 F.2d 839, cert. den. 373 U.S. 903, 83 S.Ct. 1290, 10 L.Ed.2d 198. The present cross appeals follow the confirmation of a master's report determining the damages for infringement of the two patents, Nos. 2,191,384 and '385, that remained open after our earlier decision. Briefly, Hap, the successful plaintiff in counterclaim, asserts that the master took too narrow a view of the scope of the patents, and erroneously failed to find that certain articles infringed. Conversely, Heyman, unsuccessful defendant in counterclaim, asserts that in another aspect the master took too broad a view. We will consider Hap's contentions first.

Very little of our opinion was devoted to the '384 and '385 patents.[1] The district court had found these patents valid and infringed, and the sole issue raised on the previous appeal was the ownership of the invention. This was finally resolved in Hap's favor. The '384 and '385 patents are for "resilient" plug bodies containing projecting metal blades of a certain shape, the total assembly, known as a contact plug, serving to connect an electric cord to a source of supply, such as a wall socket. Not in the claims, but in some of the specifications,

---

1. So little, in fact, that we inadvertently misdescribed the patents at 311 F.2d 843. Our present opinion is correct in this respect, and the former erroneous. The error was, and remains, immaterial.

Hap's inventor indicated that the plugs were to be preformed, and the blades then inserted. At the hearing before the master Hap asserted, which it had not claimed before, that a plug which was "molded" directly around the blades came within the patent. The master disagreed, in part because the file wrappers, in his opinion, contradicted Hap's claims. Hap contends that it has been denied substantial damages for contributory infringement because of Heyman's action in supplying several categories of shaped blades to customers for use in such molded plugs.

■ It is true that a patentee is not limited before the master to the precise matters which have been presented to the district court, and that broader claims for infringement may be advanced. L. S. Starrett Co. v. Brown & Sharpe Mfg. Co., 1 Cir., 1913, 208 F. 887; Union Electric Welding Co. v. Curry, 6 Cir., 1922, 279 F. 465, cert. den. 260 U.S. 727, 43 S.Ct. 89, 67 L.Ed. 484. Certainly if this is permissible, it must be equally open to the defendant to introduce the file wrappers if they rebut such new contentions. This Heyman did. Hap's present difficulty is that it cannot show that the master erred in his interpreta-

tion, because the file wrappers are not before us.[2]

■ Hap's request for interest on its recovery, made, insofar as the record discloses, for the first time on appeal, comes too late, as it raises complicated questions.

■ We find no greater merit in Heyman's appeal. It claims that the plug which was found to infringe by the district court was made only in the period 1955-57, and that no damages were assessable for 1951-54 plugs. The master found the earlier difference insignificant. Heyman's own witness described it as "changed [in] the inside a little bit," apparently for ease in manufacture. The drawings which Heyman says establishes its point show a change in the angle of the shoulder, from "abrupt" to sloping. Examination of the claims show that some claim an "abrupt" shoulder, and some simply "shoulder." Even if Heyman had presented an issue of fact whether a sloping shoulder [3] was an infringement, the confirmation of the master's report by the district court resolved that issue in Hap's favor.

Affirmed.

---

2. A considerable mixup occurred below. The file wrappers were not formally marked as exhibits before the master. Nonetheless, he was given copies and their materiality briefed by both parties. Apparently because not formally marked as exhibits, even though considered by him without objection, they were not forwarded by the master to the district court. Consequently, they are not now physically in the record before us. Yet, under the circumstances, they cannot be disregarded. Our attempt to straighten this out at the argument resulted only in Hap's withdrawing its objection to the reproduction of the portions of the file wrappers printed in Heyman's appendix. These portions possibly tend to support the master —a matter we do not rely on. The significant fact is that we were never offered the file wrappers as a whole, and

are thus unable to review the master's action intelligently. Chernack v. Radlo, 1 Cir., 1964, 331 F.2d 170. Whether or not it had tactical reasons for this omission, Hap must take the consequences.

3. Neither in its brief before the master, nor otherwise, did Hap initially seek a determination of, or an award of, prejudgment interest. Nor did it raise the question in any independent way before the district court. In its notice of appeal it claimed it should have been awarded interest from the date the patents expired. Then, in its brief before us, it sought interest from the dates that infringement occurred. Whether, in view of the other findings, this was a correct theory, and what the computation would have been, are matters which should have been presented below. Appeals are not commonly for afterthoughts.