**Arthur SPARROW, Plaintiff-Appellant,**

v.

**YELLOW CAB CO., Defendant-Appellee.**

**No. 12626.**

United States Court of Appeals
Seventh Circuit.

Dec. 23, 1959.

Rehearing Denied Jan. 20, 1960.

1

Junie L. Sinson, John W. Damisch, Chicago, Ill., for plaintiff-appellant, Jurco, Zahour & Damisch, Chicago, Ill., of counsel.

Julius Jesmer, Gerald M. Chapman, Chicago, Ill., for appellee.

Before HASTINGS, Chief Judge, KNOCH, Circuit Judge, and PLATT, District Judge.

HASTINGS, Chief Judge.

Arthur Sparrow, plaintiff-appellant (plaintiff), brought this diversity action in the district court to recover damages for personal injuries he claims to have suffered arising out of the alleged negligence of Yellow Cab Co., defendant-appellee (defendant), in the operation of its taxicab by its driver Andrews. Following a trial by jury, a verdict was returned for plaintiff in the amount of $71,000. Subsequently, defendant filed its motion for judgment notwithstanding the verdict or in the alternative for a new trial. The trial court vacated and set aside the jury's verdict and entered judgment favorable to defendant.

Thereafter, the trial court denied plaintiff's motion to set aside the judgment n. o. v. and for a new trial, and further ordered that defendant's motion for new trial be granted in the event of reversal on appeal. It is from the denial of this motion that plaintiff has appealed.

Plaintiff, on appeal, has stated that the two contested issues to be considered are as follows: "I. Whether or not a judgment notwithstanding the verdict can be entered in a civil action where the evidence viewed most favorably toward the successful party below would not have allowed the directing of a verdict against said party prior to the jury's verdict," and "II. Whether or not, irrespective of the overwhelming evidence presented to the jury in behalf of a party who obtained a jury verdict in his favor, the trial court can enter a judgment notwithstanding the verdict against said party due to the party's admission of perjury in a subsequent criminal action resulting from statements made by the party in his original civil action."

We shall first consider that part of the record giving rise to the second contested issue relating to plaintiff's admitted perjury. The accident in question occurred on July 20, 1955, resulting from a collision between defendant's cab and plaintiff's parked car in which he was seated at the time. Plaintiff testified that he sustained, *inter alia,* severe back injuries, and that, prior to the accident, he was in good health and had had no previous trouble with his back. However, plaintiff's former wife, now divorced, testified that on a number of earlier occasions he had severely injured his back and through the years continued to complain about pain in his back. Her testimony was that he injured his back in 1938 and was absent from work for several weeks; that two years later he slipped on ice and reinjured his back and again was forced to be absent from work; that in 1946 he aggravated his back injury while carrying a stove, resulting in his hospitalization in the Jefferson Barracks Hospital in St. Louis, Missouri, and in the Marine Hospital in Kirkwood, Missouri; and that he was given traction treatment for his back in both of these hospitals. In rebuttal, plaintiff denied the truth of this testimony by his former wife.

At the conclusion of this conflicting testimony and before giving the case to jury, the trial court stated that "this matter will be referred to the District Attorney for investigation and action." The case was then sent to the jury with the resulting verdict for plaintiff on March 27, 1958. The trial court directed the clerk to defer entering judgment pending determination of any criminal prosecution of plaintiff arising out of possible perjury.

In April, 1958, plaintiff was indicted by a federal grand jury under 18 U.S.C. A. § 1621 on four counts of perjury, the pertinent part of the fourth count reading as follows:

"That on the aforesaid trial [of the instant case] the defendant herein stated under oath in substance that he had been to the doctor on only two occasions prior to July 20, 1955, and these visits were in connection with his discharge from the Service and as a result of a previous auto accident when he knew said statement was not true."

On November 24, 1958, plaintiff entered a plea of guilty to the fourth count of the perjury indictment and was sentenced thereupon to three years probation. The first three counts of the indictment were then dismissed. Plaintiff admits in this appeal that his denial of prior back injuries and resulting hospitalization was perjured testimony.

After the jury verdict was returned in favor of plaintiff but prior to his indictment and confession of perjury, defendant, on April 7, 1958, filed its alternative motion for judgment n. o. v. or for a new trial, and on May 2, 1958, pursuant to Rule 60(b), Federal Rules of Civil Procedure, 28 U.S.C.A., moved to set aside the verdict, alleging it to be a fraud upon the court.

On December 30, 1958, after plaintiff's perjury conviction, the trial court conducted a hearing on defendant's two post-verdict motions and the answers filed thereto and set aside the verdict and entered judgment for defendant. This ruling was based on three grounds set out in the order in substance as follows: (1) the jury was "erroneously permitted to guess and speculate" as to the circumstances and occurrences of the alleged negligence of defendant; (2) in assessing damages, the jury was "influenced by the false and perjurious testimony" of plaintiff; and (3) "reasonable men and women could not possibly reach the result represented by the verdict."

On December 31, 1958, plaintiff filed his motion to set aside the foregoing judgment for defendant and for a new trial. On January 6, 1959, in denying this motion and ordering a new trial only in the event of a reversal on appeal, the trial court gave as its four reasons for so ruling: (1) plaintiff committed a fraud on the court; (2) competent medical testimony indicated that plaintiff's injuries were not caused by the alleged negligence of defendant; (3) the amount of the verdict was grossly excessive; and (4) the evidence was so wanting that to permit the verdict to stand would result in a miscarriage of justice.

Plaintiff admits that in the light of his subsequent conviction for perjury it would be improper to permit the jury's verdict in his favor to stand. However, he contends that the court erred in entering the judgment n. o. v. and that he should have been granted a new trial. He argues that even without his own testimony there was sufficient evidence in the record to send the case to the jury and further that the perjured testimony related solely to his injuries and the element of damages and not to the question of causal negligence.

■ We revert now to plaintiff's first contested issue relating to the sufficiency of the evidence with reference to the granting of judgment n. o. v. It is well-settled that in reviewing a trial court's ruling on a motion for judgment n. o. v., the standards are the same as those raised by a motion for a directed verdict, Montgomery Ward & Co. v. Duncan, 1940, 311 U.S. 243, 251, 61 S.Ct. 189, 85 L.Ed. 147; that we must determine whether the evidence would justify submission of the case to the jury, Lambie v. Tibbits, 7 Cir., 1959, 267 F.2d 902, 903; and that in so doing, we have held that the trial court should deny such a motion "where the evidence, along with all inferences to be reasonably drawn therefrom, when viewed in the light most favorable to the party opposing such motion, is such that reasonable men in a fair and impartial exercise of their judgment may reach different conclusions." Smith v. J. C. Penney Co., 7 Cir., 1958, 261 F.2d 218, 219. See, Hardware Mutual Casualty Company v. Chapman, 7 Cir., 272 F.2d 614. This requires us to look to the evidence in this case in order to determine this issue.

In this connection, defendant aptly points out the requirements of Rule 16 (b) of the Rules of this circuit, 28 U.S. C.A., governing the "Contents of Appendices," in part as follows:

"* * * In all appendices, the evidence may be abstracted or reduced to narrative form. *If appellant or petitioner raises a question of the sufficiency of the evidence to support a finding, ruling, order, verdict or judgment, he shall include in the appendix all evidence pertinent thereto.*" (Emphasis added.)

We have examined plaintiff-appellant's appendix with reference to the evidence on which he relies for reversal and a new trial. We find it completely wanting in this regard. There is, in effect, virtually no compliance with our Rule 16(b). The transcript of the proceedings in the trial court setting out the testimony of witnesses contains 528 pages. Three witnesses testified concerning the alleged negligence of defendant's driver, *viz.*: Andrews, the cab driver; Sparrow, the plaintiff; and Melba Beck, a bystander.

The appendix devotes four lines to the testimony of Andrews, merely stating that he testified he was the driver of defendant's cab on the day of the accident and that the vehicle in which he was traveling came in contact with plaintiff's car. Ten lines in the appendix relate to plaintiff's actions, showing that plaintiff drove to the scene of the accident, parked his car and while there, "felt something jar me in the back, into my car." Plaintiff saw Beck standing in a doorway approximately two parking meter spaces away. All that the appendix shows as to Beck's testimony (about 18 lines) is that she saw a Yellow Cab "come around the corner with a dash and strike the parked car of the plaintiff," heard an argument between the cab driver and plaintiff, and testified that the cab driver in anger "reversed back and struck him again." The appendix reports her cross-examination in two lines to the effect that the cab was traveling approximately 20 miles an hour at the time of impact. From this reported testimony in the appendix, chiefly conclusions of the briefwriter and surely not a narrative of the collision, we are utterly unable to understand with any reasonable clarity what took place.

Certainly the quantitative test is not to be applied in determining the sufficiency of an appendix. Counsel are encouraged to make a reasonable narrative condensation of testimony that will enable a reviewing court to understand the nature and purport of the testimony. The comparisons we have drawn are to supplement our conclusion of the complete inadequacy of the appendix furnished in this appeal.

We are not required to resort to the record to find a basis for reversal. Yet, in order to appraise the testimony within the scope of our appellate review, that is what we would have to do here. Plaintiff, an admitted perjurer, seeks a new trial at our hands in order that he may have a second chance to tell the truth. Under such circumstances we feel no compulsion to search the record for him in order to give him this relief. On the evidence as revealed in the appendix to his brief, we cannot say that the trial court erred in granting defendant's motion for judgment n. o. v. on the merits of the case.

█ In most instances, because of the importance of questions raised on appeal, we have overlooked this inadequacy and considered the merits. However, we have pointed out that in such cases there could have been an affirmance of the judgment, Interstate Folding Box Co. v. Empire Box Corporation, 7 Cir., 1934, 68 F.2d 500, or a dismissal of the appeal, Vlissidis v. Anadell, 7 Cir., 1959, 262 F.2d 398, 399; Chicago & Eastern Illinois R. Co. v. Southern Ry. Co., 7 Cir., 1958, 261 F.2d 394, 400. See also, National Labor Relations Bd. v. Knight Morley Corp., 6 Cir., 1957, 251 F.2d 753, 760–761; Esso Standard Oil Company v. Secatore's, Inc., 1 Cir., 1957, 246 F.2d 17, 22–23; and Feener Business Schools,

Inc. v. School of Speedwriting, Inc., 1 Cir., 1956, 234 F.2d 1, 3.

We hold that, because of the failure of appellant to comply sufficiently with Rule 16(b) of the Rules of this court in the preparation of the appendix to his brief in this appeal, we cannot say that there was sufficient evidence of defendant's negligence, looking at it in the light most favorable to plaintiff, to warrant sending this case to the jury.

In view of this holding, we do not reach the second question of whether plaintiff's perjury in the trial, *per se,* was proper justification for the action taken by the trial court; and we express no opinion thereon.

Finding no error, the judgment of the district court is

Affirmed.