**A. O. SMITH CORPORATION, a New York corporation, Plaintiff-Appellee,**

v.

**PRE-FAB TRANSIT CO., Inc., an Illinois corporation, Defendant-Appellant.**

**No. 13128.**

United States Court of Appeals
Seventh Circuit.

Feb. 27, 1961.

Lyle E. Lipe, Stephenson & Lipe, Springfield, Ill., for defendant-appellant.

Norman H. Quale, Milwaukee, Wis., Donald H. Sanborn, Springfield, Ill., for plaintiff-appellee.

Before DUFFY, SCHNACKENBERG and KNOCH, Circuit Judges.

SCHNACKENBERG, Circuit Judge.

Pre-Fab Transit Co., Inc., an Illinois corporation, defendant, has appealed from a summary judgment which the district court entered against it in favor of A. O. Smith Corporation, a New York corporation, plaintiff

It is alleged in defendant's brief that the pleadings (par. 4 of the complaint), depositions and admissions on file (par. 4 of the Roberson affidavit), show that there is a material question of fact and plaintiff is not entitled to a judgment as a matter of law.

Defendant, in summarizing its argument in this court, states that the district court erred in holding that the only conclusion that can be reached from the involved instruments is that the parties contracted in writing for the purchase and sale of two tractors with trailers, that the record contains evidence that the parties did not manifest mutual assent to the terms contained in the instrument designated "Bill of Sale" and its accompanying letter dated December 2, 1960, and that the granting of summary judgment precludes admission of evidence to show the purpose for execution of the instrument designated as "Bill of Sale" and therefore was erroneous. Defendant's brief adds that the pleadings, depositions and admissions on file show that there is a material question of fact and plaintiff is not entitled to judgment as a matter of law.

Defendant is in no position to urge these points upon us because it has failed to comply with the rules of this court requiring that the relevant parts of the record be reproduced in an appendix. Our rule 16(b), 28 U.S.C.A., provides:

"(b) Contents of Appendices.

"The appendix to the main brief of the appellant * * * shall contain the judgment, * * * appealed from * * * and such other parts of the record as are deemed necessary by the appellant * * * fairly to present the issues on appeal. * * * If appellant * * * raises a question of the sufficiency, of the evidence to support a finding, ruling, order, verdict or judgment, he shall include in the appendix all evidence pertinent thereto."

For that reason, the judgment of the district court is affirmed.

Affirmed.

**211**

DUFFY, Circuit Judge (concurring in the result).

I agree the appendix prepared by appellant leaves much to be desired, and appellant's counsel are subject to criticism for not fully complying with our Rule 16 (b). Nevertheless, I think this case should be decided upon the merits.

The District Judge granted a motion for summary judgment on the basis that defendant was trying to vary the terms of a written contract. I think we can determine from the record before us that there is no genuine issue of any material fact as to defendant's purpose in executing what was, in form and substance, a bill of sale. Therefore, the District Court was correct in granting plaintiff's motion for a summary judgment.