Leonard A. MORRISON, Plaintiff-Appellant,

v.

TEXAS COMPANY, Defendant-Appellee.

No. 13047.

United States Court of Appeals Seventh Circuit.

April 26, 1961.

Herbert R. Goldstein, Chicago, Ill., for appellant.

Cornelius J. Harrington, Jr., Chicago, Ill., for appellee.

Before HASTINGS, Chief Judge, DUFFY, Circuit Judge, and MERCER, District Judge.

HASTINGS, Chief Judge.

Plaintiff-appellant Leonard A. Morrison brought this diversity action against defendant-appellee The Texas Company to recover damages for personal injuries allegedly caused by defendant's negligence. By agreement, the issue of liability alone was tried. The jury returned a verdict for plaintiff upon that issue. Subsequently, on defendant's motion, the trial court entered judgment for defendant notwithstanding the verdict. From this judgment plaintiff appeals.

Plaintiff was employed at a gasoline service station operated by one Mandell in the city of Chicago, Illinois. Defendant leased this station to Mandell, and the latter was operating such station under the terms of the lease at the time of plaintiff's accident.

Plaintiff was allegedly injured on May 3, 1955 when an automobile on which he was working fell off a hydraulic hoist in Mandell's station. Plaintiff brought suit against the lessor-defendant charging that defendant had negligently repaired the hoist, that it had allowed the hoist to lapse into a dangerous and defective condition, and that it had failed to detect a latent defect in the hoist. Plaintiff charged that this alleged negligent conduct was the proximate cause of the mechanical failure of the hoist, resulting in the car's fall and his injuries.

In the trial court and here defendant contended that there was no evidence of its negligence and that plaintiff was guilty of contributory negligence as a matter of law. Further, it contended that a verdict should have been directed for defendant on the basis of the holding of the Illinois Appellate Court in Elbers v. Standard Oil Co., 1947, 331 Ill.App. 207, 72 N.E.2d 874. The district court granted judgment notwithstanding the verdict on the authority of the Elbers case.

Plaintiff argues that the Elbers decision is "bad law" and should not be controlling in the factual situation revealed by the record before us. We express no opinion as to the applicability of Elbers to this case, since plaintiff's appeal will be dismissed on the grounds indicated, infra.

Plaintiff's notice of appeal from the judgment of the district court was filed on March 7, 1960. On October 10, 1960, plaintiff filed his "Appellant's Brief and Appendix." There followed a series of motions by defendant, hereinafter mentioned, in this court to require plaintiff to comply with our rules relating to filing with the clerk of this court the transcript

of the district court proceedings and the printing of a sufficient appendix.

Defendant first filed, on October 17, 1960, its original motion to dismiss the appeal. This motion was based on plaintiff's alleged failure to present an adequate record in the appeal inasmuch as plaintiff had failed to file with the clerk of this court the transcript of the trial proceedings. Plaintiff answered, admitted that he had failed to file such transcript, but contended that the statement of facts in his brief (which contained no references to the record or printed appendix) were "indisputably true; and the only facts" necessary for a determination of this appeal.

On November 4, 1960, we denied defendant's first motion to dismiss the appeal and ordered plaintiff to file with the clerk of this court the transcript of trial proceedings. This was done on November 30, 1960.

On December 19, 1960, defendant filed a motion and brief stating that although the transcript of trial proceedings had been filed with the clerk of this court, plaintiff had not printed an appendix setting forth the relevant parts of such transcript upon which plaintiff's statement of facts was based. Defendant asked that plaintiff be required to submit a printed appendix as required by the rules of this court and insert in his brief the appropriate page references to such appendix. Plaintiff answered that he had filed the transcript of trial proceedings, that defendant thereby "will have the full transcript * * * for reference to file its Brief and Appendix," and that plaintiff "feels it would be a hardship upon him to file an Appendix of the Transcript of the trial proceedings and amend the Statement of Facts in his Brief, at this time."

On January 10, 1961, the court granted defendant's motion, ordered plaintiff to insert in his brief by interlineation the proper page references, and finally required him to "file a supplemental printed appendix of the transcript of the trial proceedings in form as required by Rule 16(b) of the Rules of this court * * *."

On February 8, 1961, plaintiff filed his "Appellant's Supplemental Appendix" setting forth the excerpts of the trial transcript which he felt complied with our order of January 10, 1961.

Defendant then submitted its second motion to dismiss the appeal or in the alternative, to affirm the judgment of the district court. Plaintiff answered. The court by order set this latter motion for oral argument, which was heard, limited to defendant's motion to dismiss the appeal or in the alternative, to affirm the judgment.

Rule 16(b) of the Rules of this court, 28 U.S.C.A., governing the "Contents of Appendices," states:

"* * * In all appendices, the evidence may be abstracted or reduced to narrative form. *If appellant* or petitioner *raises a question of the sufficiency of the evidence to support a finding, ruling, order, verdict or judgment, he shall include in the appendix all evidence pertinent thereto.*" (Emphasis added.)

In the appeal before us, plaintiff is attacking the order of the district court which granted judgment for defendant notwithstanding the verdict and is challenging the sufficiency of the evidence to support such judgment. In these circumstances, Rule 16(b) requires plaintiff to "include in the appendix all evidence pertinent thereto." By our action of January 10, 1961, we ordered plaintiff to file an appendix to comply with the requirements of Rule 16(b). The issue, then, as it stands before us, is whether plaintiff has properly complied with our order and our Rule 16(b).

■ There is no doubt that the court has the power to dismiss an appeal or affirm a judgment of the district court because of an appellant's disregard for the provisions of Rule 16(b). In Sparrow v. Yellow Cab Co., 7 Cir., 1959, 273 F.2d 1, we affirmed a judgment when there was "virtually no compliance with our Rule 16(b)." Id. at page 4. In the more recent case of A. O. Smith Corporation v. Pre-Fab Transit Co., Inc., 7 Cir., 1961,

287 F.2d 210, we similarly affirmed a judgment because appellant "failed to comply with the rules of this court requiring that the relevant parts of the record be reproduced in an appendix." Id., 273 F.2d at page 2. Judge Duffy, concurring in the result, stated that the appellant's appendix left much to be desired and counsel was subject to criticism for its deficiencies but that nevertheless it contained enough of the record to allow an affirmance on the merits.

■■ We indicated in the Sparrow case, 273 F.2d at page 4, that in most instances we have overlooked alleged inadequacies in an appellant's appendix and have considered the merits of the appeal. The importance of the questions raised in those cases impelled us to look to the merits. And this result, in the normal case, is perfectly proper, because appeals should be decided, if at all possible, on the merits. The requirement of printing relevant portions of the record in an appendix is designed to provide a helpful means to the desired end of presenting the vital portions of the record of a case to the court with minimal printing costs to the parties. To further this end, Rule 16(b) permits narrative treatment of the testimony. "Counsel are encouraged to make a reasonable narrative condensation of testimony that will enable a reviewing court to understand the nature and purport of the testimony." Id., 273 F.2d at page 4.

However, in certain special circumstances we have not overlooked the inadequacies of an appellant's appendix. Sparrow is such a case. There, the appellant, "an admitted perjurer, [sought] a new trial at our hands in order that he may have a second chance to tell the truth. Under such circumstances we [felt] no compulsion to search the record for him in order to give him this relief." Id., 273 F.2d at page 4. Likewise, here, after the series of motions filed in our court, supra, we finally ordered plaintiff to file a printed appendix that complies with our Rule 16(b).

An examination of plaintiff's original printed appendix and his supplemental appendix filed pursuant to our order indicates that plaintiff has *not* complied with Rule 16(b) relating to his responsibility to present "all evidence pertinent" to his attack on the judgment n. o. v.

Plaintiff's original appendix contained neither a narrative nor a verbatim reproduction of relevant testimony at the trial.

■ The transcript contains about 200 pages of trial testimony. Plaintiff's supplemental printed appendix reproduces merely eleven pages of testimony drawn from less than twenty-two pages of the transcript. There was no attempt to condense the testimony by use of a narrative statement, the supplemental appendix being solely in verbatim form. None of the thirteen exhibits were printed in the appendix. Neither has plaintiff set out the lease between defendant and its lessee, Mandell, nor has he printed any testimony pertaining to the lease. There is little testimony printed on the issues of defendant's negligence or plaintiff's contributory negligence. Testimony and exhibits on repairs to the hoist are incomplete.

It is clear that plaintiff has failed to comply with our order of January 10, 1961.

As shown above, plaintiff failed to file the transcript of the trial proceedings until ordered to do so; he failed to file an appendix setting out any part of the trial testimony until so ordered; and finally, the supplemental appendix then filed fails completely to comply with our Rule 16(b). In these circumstances, "we feel no compulsion to search the record" in order to give plaintiff the relief he desires.

It is ordered that this appeal be and the same is hereby dismissed.

Appeal Dismissed.