Abraham TEITELBAUM, Plaintiff-Appellant,

v.

The CURTIS PUBLISHING COMPANY, a Pennsylvania corporation, Defendant-Appellee.

No. 13885.

United States Court of Appeals Seventh Circuit.

March 1, 1963.

Sidney Tepper, Abraham Teitelbaum, Chicago, Ill., for appellant.

Roger W. Barrett, Wm. Bruce Hoff, Jr., Frank D. Mayer, Jr., Chicago, Ill., Mayer, Friedlich, Spiess, Tierney, Brown & Platt, Chicago, Ill., of counsel, for appellee.

Before HASTINGS, Chief Judge, and SCHNACKENBERG and KILEY, Circuit Judges.

SCHNACKENBERG, Circuit Judge.

Abraham Teitelbaum, plaintiff, has appealed from a judgment for defendant in plaintiff's action for libel against The Curtis Publishing Company, a Pennsylvania corporation. The complaint alleges that, in an article in the Saturday Evening Post, defendant maliciously published of and concerning plaintiff:

"MICKEY COHEN WAS HANDLING $600,000.00 WORTH OF BETS A DAY, AND MANY EASTERN HOODLUMS—INCLUDING SUCH DISTINGUISHED THUGS AS ABE TEITELBAUM, BENJAMIN (BUGSY) SIEGAL, ABE (LONGY) ZWILLMAN, AND JOE ISCA, HAD MOVED WESTWARD TO ENJOY THE OUTDOOR LIFE."

The complaint stated that the words were false and defamatory and injured plaintiff in his reputation, wherefore he prayed judgment for one million dollars.

A responsive amended answer having been filed, followed by a reply by plaintiff, a trial was had before a jury, which found defendant not guilty. Plaintiff's motion for a new trial was denied.

The amended answer admitted the publication and alleged four defenses: truth,

fair comment upon matters of public interest, words not libelous *per se,* and qualified privilege of material taken from a report of a governmental agency.

Plaintiff states that there really is only one issue and that is, "Are the words 'Thug' and 'Hoodlum' true as to Appellant who is a member of the legal profession and an officer of this Honorable Court?"

He asserts in his brief that the district judge committed error in receiving in evidence newspaper articles; that the questions propounded to plaintiff by counsel for defendant at the trial attempted to embarrass him unjustly as a lawyer, and the methods used and innuendoes made by defendant's counsel confused the jury as to what was fact and what was not. Furthermore he asserts that there was no competent evidence in the record to justify a verdict of "not guilty" nor did defendant sustain the burden of proving the truth of the article as having been printed with good motives and without malice.

Since the oral argument on this appeal, although plaintiff is represented in this proceeding by a member of the Illinois bar, he has filed in the clerk's office an affidavit and memorandum in which he "prays the indulgence of this Honorable Court to *read the entire record* of the proceedings in the Court below." (Italics supplied.)

The filing of said affidavit and memorandum was undoubtedly occasioned by the fact that, during oral argument, this court called attention to the fact that plaintiff's appendix, filed pursuant to rule 16(b) of this court, failed to set forth those parts of the record upon which errors were assigned. Rule 16(b) provides:

> "*Contents of Appendices.* The appendix to the main brief of the appellant or petitioner shall contain the judgment, decree, or order appealed from or sought to be reviewed or enforced * * * and such other parts of the record as are deemed necessary by the appellant or petitioner fairly to present the issues on appeal. * * * In all appendices, the evidence may be abstracted or reduced to narrative form. If appellant or petitioner raises a question of the sufficiency of the evidence to support a finding, ruling, order, verdict or judgment, he shall include in the appendix all evidence pertinent thereto."

In Chicago & Eastern Illinois Ry. Co. v. Southern Ry. Co., 261 F.2d 394, 400 (7 Cir., 1958), we made it plain

> " * * * that plaintiff's failure to include in its appendix filed in this court said parts of its exhibit 3, pursuant to our rule 16(b), 28 U.S. C.A., would justify our refusal to consider the alleged error involved. * * * "

In Sparrow v. Yellow Cab Co., 273 F.2d 1 at 3 (7 Cir., 1959), we said:

> " * * * This requires us to look to the evidence in this case in order to determine this issue.
>
> "In this connection, defendant aptly points out the requirements of Rule 16(b) of the Rules of this circuit, * * *.
>
> "We have examined plaintiff-appellant's appendix with reference to the evidence on which he relies for reversal and a new trial. We find it completely wanting in this regard. There is, in effect, virtually no compliance with our Rule 16(b).
>
> *       *       *       *       *       *
>
> "We are not required to resort to the record to find a basis for reversal. Yet, in order to appraise the testimony within the scope of our appellate review, that is what we would have to do here. Plaintiff, an admitted perjurer, seeks a new trial at our hands in order that he may have a second chance to tell the truth. Under such circumstances we feel no compulsion to search the record for him in order to give him this relief. * * *
>
> "We hold that, because of the failure of appellant to comply suffi-

ciently with Rule 16(b) of the Rules of this court in the preparation of the appendix to his brief in this appeal, we cannot say that there was sufficient evidence of defendant's negligence, looking at it in the light most favorable to plaintiff, to warrant sending this case to the jury."

We thereupon affirmed the judgment of the district court.

In the absence of an adequate appendix setting forth the proceedings and evidence in the district court, we are constrained by the heavy and increasing pressure of pending business in this court to refuse to search the record, which consists of 886 pages, in order to find whether plaintiff is entitled to a reversal of the judgment of the district court. For that reason that judgment is affirmed.

Affirmed.