**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Charles DIXON, Defendant-Appellant.
No. 14712.**

United States Court of Appeals
Seventh Circuit.
March 31, 1965.

Royal E. Spurlark, Jr., Chicago, Ill., for appellant.

Edward V. Hanrahan, U. S. Atty., Arthur L. Dunne, Asst. U. S. Atty., Chicago, Ill. (John Peter Lulinski, John Powers Crowley, Asst. U. S. Attys., of counsel), for appellee.

Before SCHNACKENBERG and CASTLE, Circuit Judges, and GRUBB, District Judge.

SCHNACKENBERG, Circuit Judge.

Charles Dixon, defendant, has appealed from a judgment of the district court sentencing him to six years imprisonment on each of counts One and Two, to run concurrently, for violations of § 4705(a), Title 26, and § 174, Title 21, United States Code, respectively, both as amended by the Narcotics Control Act of 1956.

1. On appeal, defendant contends as a matter of law that "an infamous punishment is not authorized by proclamation of the President, and Congress alone is authorized to define and declare such crime". He contends in his brief as follows:

" * * * The substance 'Dilaudid' is not named in any statute and only appears in the Code of Federal Regulations under Title 21, Food and Drugs, at page 1154, 1155. There it is listed with a proclamation made by his Excellency, the President, in May 1961. The prosecution is therefore based, as appears from the face of the record, upon purported violations of Section 4705(a) Title 26, U.S.Code, as to Count I, which statute does not prohibit the drug described by that count. The proclamation is the only source of identifying the acts charged against CHARLES DIXON as criminal. It is this proclamation which was uttered approximately three years before the arrest of CHARLES DIXON that the Government relies upon as the gist and authority for the prosecution of the defendant. A similar problem is present with reference to the transportation and concealment under Title 21, Section 174. * * *"

Defendant relies on Youngstown Sheet & Tube Co. v. Sawyer, 343 U.S. 579, 72 S.Ct. 863, 96 L.Ed. 1153. He quotes from the opinion of Mr. Justice Black where, at 589, 72 S.Ct. at 867, he said:

"The Founders of this Nation entrusted the law making power to the Congress alone in both good and bad times. It would do no good to recall the historical events, the fears of power and the hopes for freedom that lay behind their choice. Such a review would but confirm our holding that this seizure order cannot stand."

However, it seems that the attack of defendant in this respect is wide of the mark, because there is testimony in this record by chemist Rehn that the chemical name for the substance referred to in the indictment as dilaudid is dihydromorphinone. While defendant's counsel makes the statement that dilaudid is not named in any statute and it appears only in a proclamation of the President, actually it, as dihydromorphinone, is included among the basic classes of narcotic drugs listed in Title 21 § 502(g). Thus it appears that the substance dilaudid is named in an act of Congress. We therefore, hold it is subject to the statutory prohibitions upon which the indictment herein is based.

2. As to the other points raised in the brief of defendant, no appendix has been filed as required by rule 16 of this court. We have no obligation to search the record from the district court, which is accompanied by a transcript of proceedings consisting of 785 typewritten pages and an additional supplement to said record.

By our order entered in this case, we granted defendant's motion for leave to prosecute his appeal *in forma pauperis*. His motion therefor asked that the filing of a "printed Appendix be waived and that the appeal may be prosecuted upon *typewritten or mimeographed Appendix and Brief*". (Italics supplied.) Nevertheless, defendant has filed *no appendix* whatsoever—*either typewritten or printed*—as required by our rule 16, which provides:

> "On all appeals * * * the appellant * * * shall file his printed brief and, instead of a printed transcript of the record, his printed appendix thereto * * *. Either party, if he so desires, may have the appendix printed under the direction of the clerk, but shall advance the cost thereof to the clerk. * * *"

On several occasions we have pointed out the reason and necessity for the filing of appendices by an appellant as one of the essential requirements of rule 16.

Recently in Sparrow v. Yellow Cab Co., 273 F.2d 1 (1960), we affirmed a judgment because of a failure by appellant to comply sufficiently with rule 16(b) in the preparation of his appendix. At 4, Chief Judge Hastings said:

> "We have examined plaintiff-appellant's appendix with reference to the evidence on which he relies for reversal and a new trial. We find it completely wanting in this regard. There is, in effect, virtually no compliance with our Rule 16(b). * * *"

and

> "We are not required to resort to the record to find a basis for reversal. Yet, in order to appraise the testimony within the scope of our appellate review, that is what we would have to do here. * * *"

At page 5, Chief Judge Hastings stated:

> "We hold that, because of the failure of appellant to comply sufficiently with Rule 16(b) of the Rules of this

court in the preparation of the appendix to his brief in this appeal, we cannot say that there was sufficient evidence of defendant's negligence, looking at it in the light most favorable to plaintiff, to warrant sending this case to the jury."

In Teitelbaum v. Curtis Publishing Company, 314 F.2d 94 (1963), we reiterated our former holding in Chicago & Eastern Illinois Ry. Co. v. Southern Ry. Co., 7 Cir., 261 F.2d 394, 400 (1958) [1] and stated, 314 F.2d at 96:

> "In the absence of an adequate appendix setting forth the proceedings and evidence in the district court, we are constrained by the heavy and increasing pressure of pending business in this court to refuse to search the record, which consists of 886 pages, in order to find whether plaintiff is entitled to a reversal of the judgment of the district court. For that reason that judgment is affirmed."

The view of this court as to the importance of an appendix (either printed or typewritten), is not peculiar to this circuit. Thus the First Circuit, in Esso Standard Oil Co. v. Secatore's Inc., 246 F.2d 17 (1957), at 23, said:

> " * * * While we are free if we wish to scan the original record made in the court below, we are not under any obligation to thumb through that often voluminous record to see whether an appellant has failed to print in the appendix to his brief some part of it material to the questions he presents to us on appeal. Were that our duty the appendix system would have little or no point. It is the appellant's duty to print in his appendix the parts of the record essential for us to read in order to describe the questions he presents, and if he fails to do so, he runs the risk of coming before this court on an inadequate record on appeal."

---

1. " * * * that plaintiff's failure to include in its appendix filed in this court said parts of its exhibit 3, pursuant to our rule 16(b), 28 U.S.C.A., would justify our refusal to consider the alleged error involved. * * *"

In the case at bar, defendant asked leave to prosecute his appeal upon his typewritten or mimeographed appendix and brief. He filed a brief but *no appendix of any kind*.

For these reasons the judgment from which this appeal was taken is affirmed.

Judgment affirmed.